IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALDO GUEVARA AND DIANA GUEVARA, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 5:17-cv-00115 |
| STATE FARM LLOYDS AND RICARDO ALVARADO, | § § § | |
| Defendants. | § | JURY REQUESTED |

**DEFENDANT STATE FARM LLOYDS' AMENDED NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

**INTRODUCTION**

1. This is an insurance coverage and bad faith case. On or about May 3, 2017, Plaintiffs Aldo Guevara and Diana Guevara, (hereinafter sometimes referred to as "Plaintiffs") filed Plaintiffs' Original Petition in Cause No. 2017CVK000869D1 in the 49th Judicial District Court of Webb County, Texas, initiating a civil cause of action against State Farm Lloyds and Ricardo Alvarado ("Mr. Alvarado") (collectively, "Defendants").

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendants.

3. Plaintiffs allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against State Farm Lloyds. As to Mr. Alvarado,

Plaintiffs assert claims for non-compliance with Chapter 541 of the Texas Insurance Code. Plaintiffs assert claims for fraud and conspiracy to commit fraud against both Defendants.

4. State Farm Lloyds was served with Plaintiffs' Original Petition and Citation on or about May 19, 2017. Mr. Alvarado has not been served. State Farm Lloyds filed its Original Answer in this Court on June 9, 2017.

5. State Farm Lloyds now files this Amended Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Amended Notice of Removal with the state court in which this case was previously pending. The reason for the amendment is to include a complete copy of all state court papers.

## GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.   Complete Diversity Exists Between the Parties.**

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Texas and are citizens of the State of Texas. *See Plaintiffs' Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile

presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

8. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. *See, e.g.*, *Rodriguez v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and Plaintiffs are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9. According to Plaintiffs' Original Petition, Defendant Alvarado is a citizen and resident of the State of Ohio. Plaintiffs identified Mr. Alvarado's address for service as 4463 Logwood Lane, Columbus, Ohio 43228. *See Plaintiffs' Original Petition,* "Parties," Paragraph 4, included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes. For purposes of diversity jurisdiction, Mr. Alvarado is considered an Ohio citizen.

**B.     The Amount in Controversy Exceeds $75,000**

10. Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 but not

more than $200,000 … ." *See Plaintiffs' Original Petition,* "Jurisdiction", Paragraph 5, included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes.  In addition, Plaintiffs requested that the case be governed by a state court level 3 discovery control plan rather than a level 1 discovery control plan for expedited actions with amounts in controversy under $100,000.00 pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.  *See* Exhibit A, *Plaintiffs' Original Petition*, "Discovery Control Plan," Paragraph 1; TEX. R. CIV. PROC. 169; 190.2.

## VENUE

11.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 49th Judicial District Court of Webb County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

12.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.  A defendant is free to amend his notice of removal within the thirty day period of 28 U.S.C. § 1446(b).  *See Energy Catering Services v. Barrow*, 911 F. Supp. 221, 222-223 (E.D. La. 1995).  Supplementing the record to include copies of all state court papers is permissible.  *See Covington v. Indemnity Insurance Company of North America*, 251 F. 2d 930, 932-933 (5th Cir. 1958).

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Amended Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

4

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant State Farm Lloyds' Amended Notice of Removal will be filed with the Clerk of the 49th Judicial District Court, Webb County, Texas, promptly after Defendant files this Notice.

15. This AmendedNotice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition upon the earliest served Defendant, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 49th Judicial District Court of Webb County, Texas be removed to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

**ORTIZ & BATIS, P.C.**

By: _/s/ Ray R. Ortiz_
Ray R. Ortiz – Attorney in Charge
State Bar No. 15324280
Southern District Bar No. 14026
Leslie Megin Koch
State Bar No. 00794109
Southern District Bar No. 19546
ray@ob-lawpc.com
megin@ob-lawpc.com
rrosupport@ob-lawpc.com
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-344-3900
Facsimile: 210-366-4301
**COUNSEL FOR DEFENDANTS,
STATE FARM LLOYDS AND
RICARDO ALVARADO**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on June 16, 2017.

Ms. René M. Sigman
Mr. J. Ryan Fowler
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
Telephone: 713-714-0000
Facsimile:  713-714-1111
rmsdocketefile@mostynlaw.com

                                            */s/ Ray R. Ortiz*
                                            Ray R. Ortiz